IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1892-RPM

RONALD M. TRIPLETT,

     Plaintiff,

v.

SCOTT TRIPP,

     Defendant.

## STIPULATION AND PROTECTIVE ORDER

Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Colorado Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as herein defined), and, as grounds therefor, state as follows:

1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means the criminal record in the Jefferson County District Court Case No. 03-CR-86 and the Lakewood Police Department personnel file for Defendant Scott Tripp.

3. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony discussing Confidential Information shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

4. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

5. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

6. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, and such copies shall be made and used solely for purposes of this litigation.

7. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a manner consistent with D.C.Colo.LCivR 7.2 and 7.3. Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed in a manner consistent with D.C.Colo.LCivR 7.2 and 7.3.

8. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

9. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

10. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately retrieve any records disseminated outside of their respective offices and return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall file under seal with this Court, with a copy provided to opposing counsel, the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 5 herein, and counsel shall provide the Court with verification that any counsel's work product referencing Confidential Information has been destroyed.

11. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 13th day of November, 2006.

BY THE COURT:

s/Richard P. Matsch

_____
United States District Court Judge

**STIPULATED AND AGREED TO:**

WACHSMANN & ASSOCIATES, P.C.

s/ John R. Wachsmann_____
John R. Wachsmann
6053 South Quebec Street, Suite 103
Englewood, Colorado  80111
303-796-8787

**ATTORNEYS FOR PLAINTIFF
RONALD M. TRIPLETT**

HALL & EVANS, L.L.C.

s/ Gillian Dale_____
Gillian Dale
1125 17th Street, Suite 600
Denver, Colorado  80202-2052
303-628-3300

**ATTORNEYS FOR DEFENDANT
SCOTT TRIPP**

4

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO            )
                             )
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Triplett v. Tripp, a copy of which is attached to this Affidavit.

2. I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)
Address:
Telephone No.:

SUBSCRIBED AND SWORN to before me this \_\_\_\_\_ day of _____ 2004, by _____.

Witness my hand and official seal.

_____
Notary Public

[SEAL]

My commission expires: _____