IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-CV-01892-RPM

RONALD M. TRIPLETT,

Plaintiff,

v.

SCOTT TRIPP.

Defendant.

---

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Ronald M. Triplett ("the plaintiff") alleges one claim under 42 U.S.C. § 1983, for violation of the Fourth and Fourteenth Amendments to the United States Constitution. The plaintiff's complaint arises out of his arrest on January 8, 2003, by officers of the Police Department for the City of Lakewood, Colorado, which he claims resulted from false statements by Lakewood police officer Scott Tripp ("Tripp").

On January 31, 2007, Tripp moved for summary judgment. The defendant's motion, the plaintiff's response, and supporting exhibits show the following facts, which are undisputed except where otherwise stated:

On January 8, 2003, the plaintiff made a telephone call to Denver Ladies, a company that provides escort services. Def.'s Ex. A-1, Triplett dep. at 24:7-25. The plaintiff testified in his deposition that he understood that Denver Ladies would provide an escort to come to his house

to "have sex." *Id.* In response to the plaintiff's call, Denver Ladies sent an employee named Linda Erickson to the plaintiff's house. Erickson arrived at the house with her driver, Robert Helvig. Triplett dep. at 27; see also Def.'s Ex. A-2, Lakewood Police Department Offense Report, CR# 03003064 ("Police Report"). Shortly after Erickson arrived at the plaintiff's house, the plaintiff paid her $140.00. Erickson and Triplett then got into an argument about whether Erickson should return some or all of the $140.00. Triplett dep. at 27:8 – 28:14. During the argument, Erickson telephoned Helvig and Denver Ladies to report that there was a problem. It is undisputed that the plaintiff armed himself with a handgun while Erickson was on the phone. Triplett dep. at 29:1-25. Upon receiving Erickson's call, Helvig went to the front door of the plaintiff's residence and found that the door was locked. Helvig looked in a window and saw the plaintiff standing by the door, holding a gun. Helvig also saw Erickson standing at the top of the stairs and heard her shouting. Helvig then called 9-1-1. Erickson ran out of the house. She and Helvig left in his car and called the police.

A number of Lakewood Police officers, including Tripp were dispatched to the plaintiff's house, in response to calls that a man had pointed a gun at a female. Police Report at Bates No. 0001-04. Erickson and Helvig returned to the scene about the same time the police arrived. The police interviewed Erickson and Helvig and also talked by telephone with an employee of Denver Ladies who had spoken by telephone that evening with the plaintiff and Erickson. The plaintiff came out of the house and was arrested. The police took the plaintiff to the Lakewood Police Department for booking. Erickson and Helvig gave written statements to the police that night. *See* Police Report at Bates No. 0026 ("Helvig's written statement") and Bates No. 0027-28 ("Erickson's written statement").

Tripp prepared an Affidavit in Support of Warrantless Arrest, describing the events reported to him by Erickson and Helvig and stating there was probable cause to arrest the plaintiff on charges of menacing and false imprisonment. Police Report at Bates No. 0024-25 ("arrest affidavit").

The arrest affidavit included the following assertion: "Ronald then pointed the gun at Linda and said he wanted to have sex or he was going to shoot her." That was not included in Erickson's written statement.

On or about January 13, 2003, the Jefferson County District Attorney's Office filed five criminal charges against the plaintiff:

1. Attempted sexual assault, C.R.S. § 18-2-101 and § 18-3-402(1)(a);
2. Aggravated attempted sexual assault, C.R.S. § 18-3-402(4)(a);
3. Felony menacing, C.R.S. § 18-3-206(1)(a);
4. False imprisonment, C.R.S. § 18-3-303, and
5. Crime of violence, C.R.S. § 18-1.3-406(2)(a)(I)(A).

Def.'s Ex. A-3, Charging Document in Case Number 03 CR 0086, in the District Court for Jefferson County, Colorado.

On or about April 4, 2003, a Jefferson County Deputy District Attorney and an investigator met with Erickson and later with Helvig. Def.'s Ex. A-4, Jefferson County. District Attorney's Office Supplemental Report, dated April 18, 2003. At the April meeting, Erickson related the events of January 8, 2003. Erickson was asked to review the Police Reports. The Supplemental Report describing the April interview states:

> She said that she did not tell the officer (Scott Tripp) that [the plaintiff] pointed the gun at her and said that they were going to have sex or he was going to kill her. She said that [the plaintiff] would not let her leave and wanted the one hundred forty dollars back. She said that he was not holding her there with the gun to have sex with him.

Def.'s Ex. A-4. The District Attorney's Supplemental Report notes the discrepancy between Tripp's arrest affidavit and Erickson's written statement.

Before the case went to trial, the Jefferson County Deputy District Attorney moved to dismiss the charges of attempted sexual assault, aggravated sexual assault and crime of violence (counts one, two and five of the criminal complaint, collectively, "the sexual assault charges"). Def.'s Ex. A-5. The sexual assault charges were dismissed by order dated July 9, 2003. Def.'s Ex. A-6.

On August 27, 2003, following a trial to jury, the plaintiff was acquitted of the charges of felony menacing and false imprisonment. Def.'s Ex. A-7.

On August 23, 2005, Triplett filed this action in the District Court for Jefferson County, Colorado. The defendant removed the action to this Court. In the amended complaint filed July 6, 2006, the plaintiff alleges that Tripp made false statements in the arrest affidavit, "to the effect that [plaintiff] had pointed a gun at a female and told her that he would kill her unless she had sex with him." Am. Compl. ¶ 4. The plaintiff alleges that Tripp was a friend of the plaintiff's ex-wife, who was formerly employed as a dispatcher for the Lakewood police, and that Tripp harbored malice toward the plaintiff because the plaintiff had successfully defended himself against a domestic violence complaint lodged by the plaintiff's ex-wife. *Id.* ¶ 9. The plaintiff alleges that Tripp's false statements and inadequate investigation caused the prosecuting authority in Jefferson County to believe that probable cause existed, when it did not, and that as a result, the plaintiff

was wrongly accused of the five criminal offenses. *Id.* ¶¶ 5-8, 10. The complaint states that the defendant's alleged tortious conduct constitutes malicious prosecution. *Id.* ¶ 13. The plaintiff seeks damages, including compensation for the attorneys' fees he incurred defending the criminal charges, loss of liberty during short-term confinement, emotional pain and suffering, loss of reputation, and his attorneys' fees incurred in this action. *Id.* ¶¶ 10-11. The plaintiff's claim is brought against Tripp in his individual capacity. *Id.* ¶ 3.

Tripp first argues that the statute of limitations bars the plaintiff's claim stemming from his arrest and prosecution on the sexual assault charges because the plaintiff commenced this action more than two years after the sexual assault charges were dismissed.

The limitations period applicable to a claim brought under 42 U.S.C. § 1983 is determined by reference to state law. *See Owens v. Okure*, 488 U.S. 235, 250 (1989); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). There is no dispute that the plaintiff's § 1983 claim is governed by Colorado's two-year statute of limitations for personal injury actions, C.R.S. § 13-80-102. *See Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993) (holding that the limitations period applicable to the plaintiff's § 1983 claim was Colorado's residual personal injury limitations period); s*ee also Fogle*, 435 F.3d at1258 ("[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued.")

The plaintiff argues that his claim of malicious prosecution did not accrue until August 26 or 27, 2003. He points out that the order dismissing the sexual assault charges does not specify dismissal with prejudice. He asserts that the sexual assault charges could have been refiled at any time before the trial began on the felony menacing and false imprisonment charges (August 26,

2003), or the date he was acquitted of those charges (August 27, 2003). The plaintiff argues that his entire claim of malicious prosecution did not accrue until then.

This argument is without merit. Although the limitations period is determined by reference to state law, federal law governs the question of when a § 1983 claim accrues. *See Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle*, 435 F.3d at 1258 (quotations omitted). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *City of Enid*, 149 F.3d at 1154 (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

A § 1983 claim of a constitutional violation resulting in wrongful prosecution generally accrues when the criminal proceeding is terminated in favor of the accused. *See, e.g., Robinson v. Maruffi*, 895 F.2d 649, 654 (10th Cir. 1990) (holding that the plaintiff's § 1983 claims of malicious prosecution, conspiracy and related claims were timely, measured from the date the plaintiff was acquitted of the underlying charges); *see also Hallstrom v. City of Garden City*, 991 F.2d 1473, 1476-77 (9th Cir. 1993) (holding that as to the plaintiff's § 1983 claim alleging unlawful arrest, the latest date that the plaintiff's claim could have accrued was when the charges against the plaintiff were dismissed).

The facts supporting the plaintiff's claim of a constitutional violation with respect to the sexual assault charges were known to the plaintiff on July 9, 2003. The fact that the other criminal charges pending against him were not terminated until later is of no consequence. The plaintiff's § 1983 claim of wrongful prosecution stemming from the sexual assault charges is untimely.

The plaintiff acknowledges that the allegedly false statement in the arrest affidavit provided a basis for only three of the five criminal charges. *See* Am. Compl. ¶ 8. As to the menacing and false imprisonment charges, the alleged tortious conduct is that "the defendant used statements from individuals of highly questionable integrity and refused to allow the Plaintiff to make any statements at the scene of the arrest." Am. Compl. ¶ 5. In short, the plaintiff claims that he was subjected to wrongful prosecution on charges of menacing and false imprisonment due to an inadequate investigation by Tripp, who allegedly harbored malice toward the plaintiff.

To support a claim against Tripp for malicious prosecution as a constitutional tort, the plaintiff must plead and prove lack of probable cause for the arrest. *See Hartman v. Moore*, 547 U.S. 250, 265-66 (2006) (holding that a plaintiff bringing a claim of retaliatory prosecution against a criminal investigator must plead and show the absence of probable cause for pressing the underlying criminal charges.). This requirement relates to the plaintiff's burden of establishing a causal connection between the alleged tortious conduct and the prosecution:

> . . . the causal connection required here is not merely between the retaliatory animus of one person and that person's own injurious action, but between the retaliatory animus of one person and the action of another. . . . Evidence of an inspector's animus does not necessarily show that the inspector induced the action of a prosecutor who would not have pressed charges otherwise. . . .
>
> Some sort of allegation, then, is needed both to bridge the gap between the nonprosecuting government agent's motive and the prosecutor's action, and to address the presumption of prosecutorial regularity. And at the trial stage, some evidence must link the allegedly retaliatory official to a prosecutor whose action has injured the plaintiff. The connection, to be alleged and shown, is the absence of probable cause.

*Hartman*, 547 U.S. at 262-63. Tripp argues that the plaintiff has failed to plead and cannot prove lack of probable cause for his arrest on the charges of menacing and false imprisonment.

"Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). In a civil action, the plaintiff bears the burden of showing lack of probable cause. *Id.* at 1476 & n.1. "While the existence of probable cause is often a jury question, summary judgment is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Molina v. Spanos*, 1999 W.L. 626126 at *6 (10th Cir. Aug. 18, 1999) (unpublished) (quoting *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999)).

Under Colorado law, "[a] person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, it is a class 5 felony if committed . . . [b]y the use of a deadly weapon . . . ." C.R.S. §18-3-206(1)(a). With respect to false imprisonment, Colorado law provides, "[a]ny person who knowingly confines or detains another without the other's consent and without proper legal authority commits false imprisonment." C.R.S. §18-3-303.

The plaintiff does not dispute that he armed himself with a handgun during the argument with Erickson. The Police Report shows that Helvig and Erickson reported that the plaintiff made verbal threats and brandished a gun at Erickson while blocking her path to door. The plaintiff

does not dispute that this information was reported to the police. The plaintiff nevertheless contends that probable cause was lacking, arguing that a minimal further investigation would have exonerated him. The plaintiff asserts that his deposition testimony recounting Tripp's demeanor at the scene – in particular, his testimony that Tripp told him that "no one cares what you have to say"– shows that Tripp did not conduct a thorough investigation. The plaintiff does not explain what additional evidence the police should have considered, other than his own explanation about why and how he was using the handgun. The plaintiff does not dispute that he was offered an opportunity to tell his side of the story at the police station, but refused when the police would not guarantee that it would get the charges against him dropped. *See* Police Report at Bates No. 0008.

Contrary to the plaintiff's argument, the circumstances that Tripp observed and the information reported to him presented a substantial probability that the plaintiff had committed the offenses of menacing and false imprisonment. That is, the information reported to the police by Helvig and Erickson was sufficient to lead a prudent person to believe that the plaintiff, by threat and physical action, knowingly placed Erickson in fear of imminent serious bodily injury, and was also sufficient to lead a prudent person to believe that the plaintiff knowingly confined Erickson in his house without her consent and without proper legal authority. In determining probable cause, the police were not required to conduct a mini-trial to determine who was telling the truth or to make judgments about Helvig's and Erickson's integrity.

It is undisputed that the prosecutor interviewed Erickson and Helvig and proceeded to trial on the charges of felony menacing and false imprisonment, even after Erickson clarified what she had reported to the police. Under these circumstances, the plaintiff cannot establish any

causal link between his prosecution on charges of menacing and false imprisonment and the alleged tortious conduct of Tripp.

The defendant's motion also addresses the sufficiency of the plaintiff's evidence with respect to whether Tripp had a motive to falsify the arrest affidavit. There is no need to address that issue because the plaintiff's claim of constitutional violation stemming from the sexual assault charges is barred by the statute of limitations and the plaintiff has failed to present sufficient evidence to raise a jury question with respect to lack of probable cause for his arrest on the menacing and false imprisonment charges.

Based on the foregoing, it is

ORDERED that the the defendant's renewed motion to compel is moot, and it is

FURTHER ORDERED that defendant's motion for summary judgment is granted. The clerk shall enter judgment in favor of the defendant with costs to be awarded upon the filing of a bill of costs within 10 days.

Dated: September 20, 2007

BY THE COURT:

s/Richard P. Matsch

________________________________________

Richard P. Matsch, Senior District Judge